## LEROY WOMACK v. A. S. GARDNER, ETC.

**Ejectment—Pleading—Description.**

A petition to recover real estate held to be fatally defective for failing to describe, even in general terms, the real estate sought to be recovered.

**Ejectment—Writ of Possession—Sufficiency.**

A writ directing the sheriff to place plaintiff in possession of a lot at N. station on the east side of the railroad "10 poles in front to two rock corners, and running back 16 poles to two rock corners," neither one of the corners being located or identified, imposes on the sheriff the duty not only to deliver possession, but to locate the property, and the latter duty can nto be imposed on a ministerial officer.

**Courts—Transfers of Causes.**

Where defendant's answer sets up not only a defense to the action in ejectment, but also facts entitling defendant to a lien on plaintiff's lot, the cause was properly transferred to the equity docket.

**Vendor and Purchaser—Location of Land.**

Where a deed does not locate the land conveyed, the vendor and the purchaser can make a change in the location, and the purchaser having bought on the faith of an agreement as to the location in force at the time of the purchase, the vendor can not repudiate such changed location, and insist on the first location.

APPEAL FROM HARDIN CIRCUIT COURT.

December 18, 1872.

OPINION BY JUDGE LINDSAY:

Appellant's petition upon its face is fatally defective, in failing to describe even in general terms, the real estate sought to be recovered, and even if the deed be regarded as constituting part of it, still the description of the premises is so indefinite that no judgment capable of being executed could have been entered upon a confession. A writ directing the sheriff to place appellant in possession of a lot at Nebo Station on the east side of the railroad "10 poles in front to two rock corners and running back 16 poles to two rock corners," neither one of the corners being located or identified, would impose upon him not only the duty of delivering the possession, but of locating the property. The latter being clearly a judicial act, can not be imposed upon a ministerial officer.

As the answer of appellees not only sets up matters of defense to the action in ejectment but also a state of facts entitling them to a lien on appellant's lot for their improvements in case it should turn out that their storehouse had been built on it, and also demonstrating the necessity for locating and determining the beginning corners and boundaries of their respective lots, it was proper that the suit should be transferred to the equity side of the docket.

But if the court had erred in making the transfer, as appellant could not have recovered on his petition, such error would afford him no ground for complaint.

We are of opinion that the proof shows very clearly that the line to which appellees claim is the one finally agreed on, and fixed by appellant and his vendor, Neighbors, as his deed does not locate the lot, he and his vendor could make or change the location. Notwithstanding the statute of frauds, these appellees having purchased upon the faith, as they had the right to do, of the agreement as to location in force at the time of their purchase, appellant can not be allowed to repudiate it and insist on the first location to their detriment.

We do not regard it material whether the line in existence at the time of appellee's purchase was pointed out to them by appellant or by some one else. It was shown to them and it was the true line at the time.

Judgment *affirmed*.

*Jas. Montgomery, for appellant.*

*Wintersmith, for appellees.*